# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

BULLDOG EXCAVATING, LLC

        Plaintiff,

v.                                       CIVIL ACTION NO. 2:20-cv-00021

RUDD EQUIPMENT CO., INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is a Motion to Remand the Case to the Circuit Court of Mingo Country filed by Plaintiff, Bulldog Excavating, LLC ("Bulldog"). [ECF No. 5]. Defendant, Rudd Equipment Co., Inc. ("Rudd Equipment"), has responded [ECF No. 7] and the matter is now ripe for adjudication. The Motion is **GRANTED** for the reasons that follow.

### I. Introduction

Plaintiff asserts a claim against Defendant for breach of contract, filing a Complaint in the Circuit Court of Mingo County, West Virginia. Plaintiff alleges that Defendant failed to repair trucks as it was required to pursuant to a contract. Defendant filed its Answer to Complaint and Counterclaim, which asserted a breach of contract and failure to pay for services performed by Rudd Equipment.

On January 9, 2020, Defendant filed a Notice of Removal. [ECF No. 1]. The basis for the removal is diversity jurisdiction. Plaintiff is a West Virginia company

with a principal office located in Lenore, West Virginia. Defendant is a Kentucky corporation with a principal office located in Louisville, Kentucky. Plaintiff and Defendant disagree as to the amount in controversy in this case.

## II. Legal Standard

Subject to limited exceptions, a defendant may transfer a case from a state to federal court if the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C.A. § 1441(a). Federal district courts have original jurisdiction of actions between citizens of different states in which the "matter in controversy" exceeds the value of $75,000. 28 U.S.C.A. § 1332(a). Plaintiff asserts that, although diversity of citizenship exists, this action is not one of which this court has original jurisdiction because the matter in controversy does not exceed the value of $75,000. A district court must remand an action that was removed from state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C.A. § 1447(c).

## III. Discussion

The sole issue before the court is whether the amount in controversy meets the jurisdictional minimum of more than $75,000. In cases in which a defendant removes a case from state court asserting diversity jurisdiction, the defendant must "prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Id; see also Ross v. Prudential Ins. Co. of Am.*, No. 2:19-CV-00358, 2019 WL 5268679, at *2 (S.D.W. Va. Oct. 17, 2019).

In evaluating a party's claim to federal jurisdiction, a court should look to the circumstances as they existed at the time the notice of removal was filed. *See*

*Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008). The value of the matter in controversy is determined by considering the judgment that would be entered if plaintiff prevailed on the merits. *Healy v. Ratta*, 292 U.S. 263, 267 (1934) ("The controversy here is that defined by the pleadings, and the matter in controversy does not embrace more than the right asserted.").

Here, Defendant has failed to prove by the preponderance of the evidence that at the time of removal the amount in controversy was more than $75,000. Plaintiff's Complaint claims the amount in controversy is "$72,000.00 for revenue lost due to its breach of contract." Pl.'s Compl. Ex. A, ¶ 30 [ECF No. 7–1]. And importantly, Plaintiff responded to interrogatories unequivocally admitting that "the amount in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs" and that "the sum or value of the monetary damages sought in this action does not exceed $75,000." Pl.'s Res. To Def.'s First Set of Interrog. Ex. C, 7 [ECF No. 7–3].

Plaintiff declined to stipulate to the amount in controversy, arguing that such a stipulation would be unnecessary and duplicative with its interrogatory responses. Defendant argues that courts often consider refusals to stipulate to the amount in controversy as an important factor in denying motions to remand. *See e.g.*, *Karnes v. Outback Steakhouse of Fla., LLC*, No. CV 1:15-13441, 2016 WL 3661557, at *4 (S.D.W. Va. July 5, 2016). But Plaintiff's response to interrogatories makes this case dissimilar from the case in *Karnes* where the court denied a plaintiff's motion to remand because the plaintiff refused to stipulate that any potential recovery would be limited to $75,000 and the plaintiff's settlement demand letter listed $93,500.00

3

in damages. *See id.* In this case, plaintiff explicitly agrees in interrogatories that the amount is $75,000 or less. Thus, the preponderance of the evidence does not demonstrate that the amount in controversy has met the jurisdictional threshold.

### IV. Conclusion

The court **GRANTS** Plaintiff's Motion to Remand. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 6, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE